IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL R. DUNCAN, # B-79384,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-00087-MJR |
| | ) |
| **PAT QUINN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Darryl Duncan, who is an inmate at Pinckneyville Correctional Center ("Pinckneyville"), brings this action *pro se* pursuant to 42 U.S.C. § 1983 (Doc. 1). He has filed a motion seeking leave to proceed *in forma pauperis* ("IFP") without prepaying the full filing fee of $400.00 for this action (Doc. 2). In the complaint, Plaintiff names thirty-nine defendants in connection with numerous claims that focus primarily on: (1) assaults of Plaintiff by prison officials; (2) the denial of medical care for his resulting injuries; and (3) barriers to his release from prison. This is not the first time that Plaintiff has asserted such claims. *See, e.g., Duncan v. Quinn, et al.*, Case No. 14-cv-1167-MJR-SCW (S.D. Ill. 2014).

In fact, Plaintiff has already incurred three "strikes" for filing complaints that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Duncan v. Walker*, Case No. 08-cv-315-JPG (S.D. Ill., dismissed Mar. 11, 2009); *Duncan v. Quinn*, Case No. 10-cv-3124-HAB (C.D. Ill., dismissed Jun. 7, 2010); and *Duncan v. Quinn*, Case No. 14-cv-604-JPG (S.D. Ill., dismissed Jun. 4, 2014). Therefore, he can only proceed IFP in this action, if the instant complaint demonstrates that Plaintiff faces imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and for consideration of Plaintiff's request for an "Emergency Temporary Restraining Order" ("TRO"). Because Plaintiff seeks a TRO, the Court will immediately review this matter. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). The request for a TRO will be addressed alongside the Court's preliminary review of the complaint (Doc. 1) and the IFP motion (Doc. 2).

## Relevant Legal Standards

### Merits Review

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual

allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Injunctive Relief

Plaintiff seeks a temporary restraining order ("TRO"), in the form of an Order placing him on parole or transferring him to another prison, stopping all staff assaults, and granting him access to medical care (Doc. 1, p. 19). A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir.

2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

**Pauper Status**

Plaintiff has filed a motion seeking leave to proceed *in forma pauperis* ("IFP") (Doc. 2). According to his trust fund statement, Plaintiff lacks sufficient funds to prepay the full filing fee at this time. Although payment of the fee may be made in installments if Plaintiff's request for IFP status is granted, Section 1915(g) limits the ability of Plaintiff to proceed IFP, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

Plaintiff must overcome the fact that he has already incurred three "strikes" under 28 U.S.C. § 1915(g). Court documents are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff Duncan has already had the following three cases dismissed as frivolous or for failure to state a claim upon which relief may be granted: *Duncan v. Walker*, Case No. 08-cv-315-JPG (S.D. Ill., dismissed Mar. 11, 2009); *Duncan v. Quinn*, Case No. 10-cv-3124-HAB (C.D. Ill., dismissed Jun. 7, 2010); and *Duncan v. Quinn*, Case No. 14-cv-604-JPG (S.D. Ill., dismissed Jun. 4, 2014). Under the circumstances, Plaintiff's request to proceed IFP will not be granted unless the complaint demonstrates that he faces imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

**Imminent Danger**

The standards for obtaining IFP status and for obtaining a TRO are very similar, but not identical. As a threshold matter, the three-strikes barrier is a prerequisite because it controls which claims, if any, may be considered without prepayment of the full filing fee. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed [as a pauper] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

**Discussion**

**Claims Subject to Further Review**

The complaint does include claims that satisfy the "imminent danger" standard *and* Section 1915A review. All of these claims arise from allegations that Plaintiff has been subjected to on-going assaults by prison guards at Pinckneyville, based on a conspiracy to retaliate against him. According to the complaint, Plaintiff was assaulted at Pinckneyville on August 2nd, September 29th, October 21st, October 29th, December 2nd, December 16th, 2014, and January 8th, 2015 (Doc. 1). These assaults resulted in a range of injuries, including a broken wrist and a broken lower denture, among other things.

In the action that Plaintiff previously filed and is now pending in this District, Plaintiff did not address all of these assaults, and he was only allowed to proceed with his related claims for a denial of medical care for his resulting injuries. *Duncan v. Quinn, et al.*, Case No. 14-cv-1167-MJR-SCW (S.D. Ill, filed Oct. 28, 2014). In the operative complaint, Plaintiff has described the on-going nature and increasing frequency of the assaults. These allegations are sufficient to clear the three-strikes hurdle and also state claims for excessive force, retaliation, and conspiracy against the parties involved in the assaults. Accordingly, the Court will grant Plaintiff IFP status in this case, so that he can now proceed with these claims:

**Count 1:** Defendant Miller used excessive force against Plaintiff on August 2nd, September 29th, and October 29th, 2014, in violation of the Eighth Amendment (Doc. 1, p. 10, ¶ 15);

**Count 2:** Defendant Wragler and Womack used excessive force against Plaintiff on September 29th and October 21st, 2014, in violation of the Eighth Amendment (Doc. 1, pp. 10-11, ¶¶ 16-17);

**Count 3:** Defendant Selby and Obert used excessive force against Plaintiff on December 2nd and 16th, 2014, in violation of the Eighth Amendment (Doc. 1, p. 11, ¶¶ 18-19);

**Count 4:** Defendant Wolfe used excessive force against Plaintiff on January 8th, 2015, in violation of the Eighth Amendment (Doc. 1, p. 17, ¶¶ 36);

**Count 5:** Defendant Spiller instituted a policy, custom, or practice of using excessive force when he directed Pinckneyville staff to "hold [Plaintiff] and shut [him] up," in violation of the Eighth Amendment (Doc. 1, p. 9, ¶ 11); and

**Count 6:** Defendants Spiller, Miller, Wragler, Womack, Selby, Obert, and Wolfe participated in a conspiracy to retaliate against Plaintiff through the use of excessive force against him.

Accordingly, Plaintiff shall proceed IFP in this action against Defendants Spiller, Miller, Wragler, Womack, Selby, Obert, and Wolfe on Counts 1-6.

**Claims Subject to Dismissal**

The vast majority of Plaintiff's claims fail to satisfy the "imminent danger" standard.[1] Generally speaking, the claims are either too remote in time and space to meet the "imminent danger" requirement, too minor to meet the "serious physical harm" requirement, too infrequent to qualify for either, or supported only by conclusory allegations. These claims include:

> **Count 7:** **Plaintiff's various challenges to his status as a parole violator (Doc. 1, p. 6);**
>
> **Count 8:** **Plaintiff's claim that he was falsely arrested (Doc. 1, p. 8);**
>
> **Count 9:** **Plaintiff's dissatisfaction with the efforts of prison officials to assist him in securing a host site so that he can be paroled (Doc. 1, p. 5);**
>
> **Count 10:** **Plaintiff's dissatisfaction with the state's requirement for mandatory GPS or electronic monitoring of paroled inmates (Doc. 1, p. 5);**
>
> **Count 11:** **Plaintiff's challenge to a "no contact" provision in his parole plan that prohibits visitation with his daughter (Doc. 1, pp. 6-7);**
>
> **Count 12:** **Plaintiff's claim that he "fell out" on September 29, 2014, because of dizziness and was denied adequate medical care (Doc. 1, p. 8);**
>
> **Count 13:** **Plaintiff's lack of access to ADA-compliant showers, except during limited hours (Doc. 1, pp. 8, 17);**
>
> **Count 14:** **Plaintiff's claim that he has been deprived of adequate eye care and glasses (Doc. 1, pp. 8, 14);**
>
> **Count 15:** **Plaintiff's claim that he was denied a wrist brace (Doc. 1, p. 8);**

---

[1] The complaint frequently refers to exhibits that are not attached to the pleading.

> **Count 16:** Plaintiff's claim that Defendant Furlough squeezed his fingers around an ink pen too tightly (Doc. 1, p. 12);
>
> **Count 17:** Plaintiff's claim that he was issued false disciplinary tickets in September and October 2014 (Doc. 1, p. 12);
>
> **Count 18:** Plaintiff's claim that he was generally denied medical care by certain Pinckneyville officials for injuries he sustained in the assaults;[2]
>
> **Count 19:** Plaintiff's challenge to the loss of good conduct credits (Doc. 1, pp. 13, 18);
>
> **Count 20:** Plaintiff's claim that he was called names (Doc. 1, p. 18); and
>
> **Count 21:** Plaintiff's complaints against officials at Robinson Correctional Center for conduct that occurred there prior to his transfer to Pinckneyville (Doc. 1, p. 15).

*See* Doc. 1. The above-listed claims (**Counts 7-21**) do not suggest that Plaintiff is in imminent danger of serious physical injury, and neither do any other allegations in the complaint, with the exception of those that support Counts 1-6.

Further, Counts 7-21 address defendants and conduct that are unrelated to Counts 1-6, i.e., Plaintiff's assaults at Pinckneyville. For example, even though the alleged assaults may have caused some of Plaintiff's untreated medical issues, the defendants and legal issues are entirely separate.[3] Further, Plaintiff's claims regarding incidents at Robinson are entirely unconnected to his assaults at Pinckneyville.

Because they are unrelated, Counts 7-21 cannot proceed in this action. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated

---

[2] The Court includes this claim among those that will be dismissed for two reasons: (1) Plaintiff has either already been granted leave to proceed IFP on the claims in his related action (*Duncan v. Quinn, et al.*, Case No. 14-cv-1167-MJR-SCW (S.D. Ill. 2014)); or (2) the allegations do not describe injuries that now present any imminent risk of serious physical injury.
[3] In fact, Plaintiff's medical claims are proceeding in a separate action. *See Duncan v. Quinn, et al.*, Case No. 14-cv-1167-MJR (S.D. Ill. 2014). The Court will not allow Plaintiff to litigate those claims twice.

claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *See George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). The Court has the option of severing these claims or dismissing them and allowing Plaintiff to file a separate action (i.e., with a separate filing fee or a separate request to proceed IFP), should he decide to pursue each claim. There appears to be no impending statute of limitations for any of the above-referenced claims. Therefore, the Court shall dismiss, rather than sever, Counts 7-21. However, the dismissal of the claims shall be without prejudice to Plaintiff pursuing them in a separate action. The Court takes no position regarding the merits of the dismissed claims.

Based on the dismissal of these claims, the following Defendants shall also be dismissed without prejudice from this action: Defendants **Quinn, Pate, Ruffin, Gregg, Shelton,[4] Harris, Godinez, Krauer, C. Brown, Shah, Norman, Edwards, Williams-Schafer, Furlough, McBride, Baker, S. Brown, Hartman, Fritts, Hale, Els, Lieutenant Brookhart, Dee Dee Brookhart, Grounds, Tylka, Littlejohn, Resee, Ohl, Wamplor, Redding, Heck,** and **Jaimet**.

**Request for Injunctive Relief**

The Court shall deny Plaintiff's request for immediate relief, in the form of a temporary restraining order ("TRO"). The bar for obtaining a TRO is a high one, and Plaintiff has not reached it. None of the assaults giving rise to Counts 1-6 occurred during the three weeks prior to filing this action. No other threats have since been made. The complaint sets forth no specific facts clearly demonstrating that immediate or irreparable injury, loss, or damage will result to Plaintiff before the adverse party can be heard in opposition to his request for

---

[4] This defendant is listed in the case caption but was excluded from the list of defendants in CM/ECF.

immediate relief. FED. R. CIV. P. 65(b)(1)(A). For these reasons, the **TRO** is **DENIED without prejudice** to Plaintiff renewing this request, should it become necessary to do so.

However, the Court cannot say that a preliminary injunction should be denied outright at this time. Particularly relevant to the Court's analysis are the allegations in the complaint that the assaults have occurred with increased frequency, and they are perpetrated by prison officials. In addition, the past assaults have allegedly resulted in significant injuries to Plaintiff, including at least one broken bone. The Court now finds that further consideration of this request is warranted.

Accordingly, the Clerk shall be directed to add a motion for preliminary injunction as a separate docket entry. Further, Plaintiff's request for a **PRELIMINARY INJUNCTION** is **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to **United States Magistrate Judge Stephen C. Williams**, who shall resolve the request as soon as practicable. If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately. Any motions filed after the date of this Order that relate to this request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to **United States Magistrate Judge Williams**.

### Disposition

The Clerk is **DIRECTED** to **ADD** Plaintiff's motion for preliminary injunction as a separate docket entry in CM/ECF.

**IT IS HEREBY ORDERED** that Plaintiff's request for a temporary restraining order is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, for the reasons stated, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED IN PART AND DENIED IN**

**PART**, in that Plaintiff may proceed as a pauper on Counts 1-6 in this action, but not on Counts 7-21.  The initial partial filing fee and payment scheme will be set forth in a separate order.

**IT IS FURTHER ORDERED** that **COUNTS 7-21** are **DISMISSED** without prejudice to Plaintiff filing a separate action (along with a separate filing fee or motion for leave to proceed *in forma pauperis*) to pursue these claims, should he wish to do so.

**IT IS ALSO ORDERED** that Defendants **QUINN, PATE, RUFFIN, GREGG, SHELTON, HARRIS, GODINEZ, KRAUER, C. BROWN, SHAH, NORMAN, EDWARDS, WILLIAMS-SCHAFER, FURLOUGH, McBRIDE, BAKER, S. BROWN, HARTMAN, FRITTS, HALE, ELS, LIEUTENANT BROOKHART, DEE DEE BROOKHART, GROUNDS, TYLKA, LITTLEJOHN, RESEE, OHL, WAMPLOR, REDDING, HECK,** and **JAIMET are dismissed without prejudice**.

**IT IS HEREBY ORDERED** that as to **COUNTS 1, 2, 3, 4, 5,** and **6**, the Clerk is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **SPILLER, MILLER, WRAGLER, WOMACK, SELBY, OBERT,** and **WOLFE**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), and this memorandum and order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before February 17, 2015),** the United States Marshals Service **SHALL personally serve** upon Defendants **SPILLER, MILLER, WRAGLER, WOMACK, SELBY, OBERT,** and **WOLFE**: the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), and this memorandum and order.  All costs of service shall be advanced

by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for preliminary injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including resolution of Plaintiff's request for a preliminary injunction as soon as practicable.  If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately.  Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted for Counts 1-6, which shall proceed in this action.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: February 3, 2015**

                                               s/ *Michael J. Reagan*
                                               **MICHAEL J. REAGAN**
                                               **CHIEF JUDGE**
                                               **UNITED STATES DISTRICT COURT**