IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL R. DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15–cv–87–MJR–SCW |
| ) | |
| THOMAS SPILLER, ) | |
| JEFF MILLER, ) | |
| ERIC WANGLER ) | |
| DONALD WANACK, ) | |
| JERROD SELBY, ) | |
| MICHAEL OBERTINI, and ) | |
| JOHN WOLFE ) | |
| ) | |
| ) | |
| Defendants. | |

# ORDER

**WILLIAMS, Magistrate Judge:**

*Pro se* Plaintiff Darryl Duncan filed this case alleging a plethora of unconstitutional behavior at Pickneyville Correctional Center. (Doc. 4). After threshold review, the Court found that Plaintiff had stated six claims: 1) Defendant Miller used excessive force against Plaintiff on August 2, September 29, and October 29, 2014 in violation of the Eighth Amendment; 2) Defendants Wangler and Womack used excessive force against Plaintiff on September 29 and October 21, 2014 in violation of the Eighth Amendment; 3) Defendant Shelby and Obert used excessive force against Plaintiff on December 2 and 16, 2014 in violation of the Eighth Amendment; 4) Defendant Wolfe used excessive force against Plaintiff on January 8, 2015 in violation of the Eighth Amendment; 5) Defendant Spiller instituted a policy, custom, or practice of using excessive force when he directed Pickneyville staff to "hold [Plaintiff] and [shut] him up" in violation of the Eighth Amendment; and 6) Defendants Spiller, Miller, Wangler, Womack, Selby, Obert, and Wolf participated in a conspiracy to retaliate against Plaintiff through a campaign of excessive force against him. (Doc. 4).

1

This matter comes before the Court on several motions. Plaintiff filed a Motion seeking to reconsider the Court's previous rulings, as well as a new motion requesting counsel. (Doc. 83) (Doc. 95). Plaintiff also filed a motion seeking to amend his Complaint. (Doc. 90).

## Motion to Amend

On August 10, 2015, the Court denied all of Plaintiff's outstanding Motions to amend the Complaint. (Doc. 84). It found that Plaintiff was attempting to bring unrelated claims into this litigation and specifically informed Plaintiff that any new claims would have to be filed as a separate suit and that, as a three-striker, Plaintiff would have to pay the resulting filing fees. (Doc. 84). Exactly one week later, Plaintiff filed the present Motion to Amend. (Doc. 90). Approximately one month later, on September 21, 2015, Plaintiff submitted a proposed Amended Complaint to the Court, which the Court considers along with the present motion. For the following reasons, the Court **DENIES** Plaintiff's Motion to Amend. (Doc. 90).

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleadings with leave of the court if justice so requires. As the Court noted in its previous order, a Court may deny a motion to amend where it would not survive a motion to dismiss. **Foman, v. Davis, 371 U.S. 178, 182 (1962); Glick v. Koenig, 766 F.2d 265, 268-69 (7th Cir. 1985)**. This policy is intended to prevent defendants from expending more labor to respond to a plaintiff's futile gesture. **Glick, 766 F.3d at 268-69**. In the Seventh Circuit, dismissals under Fed. R. P. 12(b)(6) and § 1915A share the same standard. **Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006)**. On threshold review, the court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. **28 U.S.C. § 1915A(b).** A plaintiff cannot rest on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action. **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555**

**(2007)**. A complaint must raise more than speculations, rather, it must provide plausible facts on its face. ***Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)**.

In particular, where a plaintiff attempts to amend his Complaint, he must do more than restate the same facts using different language, or reassert previously dismissed claims. ***Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994) (citing *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983))**. It is not an abuse of discretion for a district court to refuse to grant leave to amend where the proposed amended complaint states no new claims—such a complaint would be futile. ***Id.***

Plaintiff's motion seeks to add four Defendants, all of whom are parole agents. (Doc. 90, p. 1). Plaintiff also seeks to add claims based on his June 30, 2015 parole violation, as well as a claim based on the May 12, 2014 revocation at the door that Plaintiff received due to a lack of an available host site. (Doc. 90). The proposed amended complaint submitted by Plaintiff lists the same four parole agent defendants plus Diaz, a member of the prisoner review board (PRB). The proposed amended complaint states that Diaz denied him a final parole revocation hearing in retaliation for Plaintiff's litigation activities. The proposed amended complaint goes on to reiterate Plaintiff's complaints about his June 30, 2015 parole revocation, as well as to restate the May 12, 2014 claim against Pate. None of the claims currently present in this case are mentioned either in Plaintiff's motion or in the proposed amended complaint. None of the current defendants are mentioned in Plaintiff's motion or the proposed amended complaint.

Plaintiff has failed to follow the local rules. Even reading Plaintiff's motion with the proposed amended complaint submitted a month later, Plaintiff's motion is deficient. He has not included his currently pending claims in his proposed amended complaint, which would have the effect of dismissing those claims should the Court grant the motion. ***Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) (finding that when an amended complaint is filed, the prior pleading**

**is withdrawn and the amended pleading is controlling).** The Court could deny the motion on these grounds alone, however, the merits of the proposed amendment require further comment.

As to Plaintiff's claims regarding his May 12, 2014 parole violation, Plaintiff has attempted to bring these claims multiple times in this case, and each time he has been denied. The Court will not rehash its earlier orders on this point here—Plaintiff may refer to the orders at Doc. 4 and Doc. 84 for that—other than to say that Plaintiff's statement of his claim regarding May 12, 2014 does nothing more than restate a previously dismissed claim and is therefore futile.

Regardless of the merit of Plaintiff's other claims regarding his parole violation of June 30, 2015, they do not belong in this suit. None of the Defendants in this case is named in the proposed amendment. This is currently a suit for excessive force while incarcerated at Pickneyville Correctional Center. Plaintiff's claims that an entirely different group of people violated his due process and equal protection rights while he was out on parole do not overlap or share any common factual or legal issues with the claims present in this case. In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different Defendants belong in separate law suits, "not only to prevent the sort of morass" produced by multi-claim, multi-party suits but also so that the Court may collect the appropriate filing fees. **507 F.3d 605, 607 (7th Cir. 2007)**. If Plaintiff wishes to bring claims regarding his June 30, 2015 parole violation he must file a separate lawsuit and incur another filing fee. If the Court receives another Complaint addressing those claims without mentioning the claims present in this case, it will presume that Plaintiff, having been told several times to file a separate suit, is attempting to do so, and will screen the case pursuant to § 1915A <u>and assess the appropriate fees</u>.

The Court notes that Plaintiff frequently describes his claims as a comprehensive "conspiracy" to violate his rights, thus attempting to bootstrap of all his claims into one case. To state a claim under Section 1983 for conspiracy, a plaintiff must show: "that 1) a state official and

4

private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and 2) those individuals were willful participant[s] in joint activity with the state or its agents." **Williams v. Seniff, 342 F.3d 774, 785 (7th Cir. 2003) (internal citation and quotation marks omitted); Reynolds v. Jamison, 488 F.3d 756, 764 (7th Cir. 2007)**. Plaintiff has done little more here than use the word "conspiracy" to describe a discrete series of events involving numerous parties. This types of conclusory allegations do not state a claim upon which relief could be granted. Because the Court finds that Plaintiff's proposed Amendment does not comply with the local rules and would otherwise be futile, the Court **DENIES** Plaintiff's Motion to Amend his Complaint. (Doc. 90).

## Motion for Recruitment of Counsel

As a litigant in a civil case, Duncan has no right to counsel. **Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007).** However, this Court has discretion to recruit counsel to represent indigent plaintiffs in appropriate cases. **Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).** Determining whether to appoint counsel is a two-step inquiry. **Pruitt, 503 F.3d at 655.** The threshold is whether the indigent plaintiff has made a reasonable attempt to obtain counsel. **Santiago v. Walls, 599 F.3d 749, 761 (7th Cir. 2010).** Only if the threshold has been met will the Court consider the second prong, whether the plaintiff appears competent to litigate the case given its difficulty. **Pruitt, 503 F.3d at 655.**

In its previous orders denying Plaintiff's request for counsel, the Court found Duncan failed to make the threshold showing because he relied on exhibits that predated the events at issue here. Plaintiff's motion seeking reconsideration of the Court's prior orders does not address this point at all, and instead restates Plaintiff's belief that his incarceration makes litigation impossible and his claim that he has sought counsel. (Doc. 83). The Motion does not provide the names and addresses of any of the attorneys that Plaintiff has contacted, nor does it include exhibits. (Doc. 83).

5

Plaintiff's most recent motion also fails to include any exhibits or the names of any attorneys that Plaintiff contacted. (Doc. 95). However, approximately six weeks after filing his most recent motion, Plaintiff filed a Motion for Emergency Injunctive relief, which contained a letter from Jeffrey Glass dated October 6, 2015 rejecting Plaintiff's case, and a letter from Heidi Dodd dated October 7, 2015, rejecting Plaintiff's case. (Doc. 116, p. 7-8). Although this information should have been submitted as an exhibit to Plaintiff's motion, the Court will consider it. Based on the Exhibits to the Motion for Emergency Injunctive Relief, the Court finds that Plaintiff has met his threshold burden of showing that he has made a reasonable attempt to recruit counsel.

But that does not end the matter. Plaintiff has filed voluminous pleadings with this Court, and represented himself at several hearings on motions. Plaintiff has kept the Court apprised of his current address, propounded discovery, responded to discovery (Doc. 117), and successfully defended himself against Defendants' request for sanctions. Plaintiff has been able to consistently and repeatedly articulate the factual basis of his claims. Plaintiff argues that guards at his institution are interfering with his legal maneuverings, but the Court sees no evidence that this allegation has impacted Plaintiff's ability to present his case. Duncan may not be as proficient as the average attorney, but he has adequately expressed the factual and legal bases for his claims. **See *Pruitt*, 503 F.3d at 655 (quoting *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) (If the test were whether a good lawyer would have done better than a *pro se* plaintiff, "judges would be required to request counsel for every indigent litigant")**. Managing a case such as this may become more challenging as it progresses to trial, but at the present time Duncan is competent to litigate his case. Should the case increase in complexity as it advances to trial, or should discovery prove overly burdensome, the Court will be willing to revisit appointment of counsel at that time. But for now, the plaintiff's motions to appoint counsel (Doc. 83) (Doc. 95) are **DENIED without prejudice**.

**Motion to Reconsider**

Plaintiff filed a Motion to Reconsider on July 30, 2015 objecting to a hearing on June 25, 2015, where the Court took up certain discovery disputes of the parties. (Doc. 83). Plaintiff objected that the Court did not take up his various Motions to Amend at the hearing. (Doc. 83). Plaintiff further objected to the denial of his Motion to Compel. (Doc. 83). Finally, Plaintiff objected to the fact that certain of his Motions seeking injunctive relief were denied. (Doc. 83).

At the time the motion was filed, the Court had not yet ruled on Plaintiff's motions to amend. The Court issued a ruling on those motions on August 10, 2015. (Doc. 84). As no rulings had been issued when Plaintiff filed the motion, there is nothing to reconsider. Pursuant to local rule, the Court determines when a hearing is needed on a motion, and may decide a motion without a hearing. **SDLR 7.1 (h)**. Therefore, Plaintiff did not have a right to have a hearing on his motion, and the lack of hearing does not violate Plaintiff's due process rights. As to Plaintiff's claims about his Motions to Compel and his seeking injunctive relief, Plaintiff has identified no errors of law or fact with regards to those motions. He has simply restated his earlier claims. He has also since re-filed motions seeking injunctive relief and a motion to compel. As Plaintiff has re-filed those motions, his request for reconsideration is **MOOT** and will be denied. (Doc. 83).

**Motion for Status**

On October 29, 2015, Plaintiff filed a Motion for status regarding his currently pending motions. (Doc. 128). As this order disposes of many of Plaintiff's Motions and the undersigned has issued a Report and Recommendation on all of the remaining motions, with the exception of Plaintiff's Motion to Compel, which is not ripe, the Court finds that Plaintiff's motion for status is **MOOT**. (Doc. 128).

**Conclusion**

Plaintiff's motions to amend the Complaint is **DENIED** as futile. (Doc. 90). Plaintiff's Motions for Appointment of Counsel, including Plaintiff's requests contained in unrelated motions are **DENIED without prejudice**. (Doc. 83) (Doc. 95). Plaintiff's Motion for Reconsideration is **DENIED**. (Doc. 83). Plaintiff's Motion for Status is **MOOT**. (Doc. 128).

**IT IS SO ORDERED.**

DATE: <u>November 2, 2015</u>        /s/ *Stephen C. Williams*
                                     **STEPHEN C. WILLIAMS**
                                     United States Magistrate Judge